UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT L RHOADES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01958-JRS-TAB |
| | ) | |
| INTERNATIONAL VAN LINES, INC., | ) | |
| Y & O MOVING CONSULTING | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Motion for Default Judgment**

The Court previously denied Rhoades' motion for default judgment, (ECF No. 8), on substantive and procedural grounds. Rhoades has remedied the procedural issue by obtaining a clerk's entry of default. (*See* ECF Nos. 9, 11.) However, Rhoades has not addressed the substantive roadblock – namely, the question of whether this Court has personal jurisdiction over International Van Lines, Inc. and Y & O Moving Consulting Services, LLC.

**I.    Legal Standard**

This Court is barred from entering a default judgment against a party over which it lacks personal jurisdiction. "When a district court enters a default judgment without personal jurisdiction over the defendant, 'the judgment is void…'" *be2 LLC v. Ivanov,* 642 F.3d 555, 557 (7th Cir. 2011) (quoting *Relational, LLC v. Hodges,* 627 F.3d 668, 671 (7th Cir. 2010)).

The Court takes pains to clarify what is required to establish personal jurisdiction. "The court's exercise of jurisdiction over the defendant must be authorized by the terms of the forum state's personal-jurisdiction statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). "Indiana's long-arm statute, Trial Rule 4.4(A), provides in part that an Indiana court 'may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.'" *Cunningham v. Foresters Fin. Servs., Inc.*, 300 F. Supp. 3d 1004 (N.D. Ind. 2018) (quoting Ind. Trial R. 4.4(A)). So, the question is whether personal jurisdiction in this case is consistent with the exercise of due process under the Constitution. *Id.* Federal law recognizes two types of personal jurisdiction: general and specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court*, — U.S. —, 137 S. Ct. 1773, 1779–80 (2017). A court with general jurisdiction over a defendant may hear *any* claim against that defendant, "even if all the incidents underlying the claim occurred in a different State." *Bristol-Meyers Squibb*, 137 S. Ct. at 1780. A court may assert general jurisdiction over an individual in the place of his domicile; a court may assert such jurisdiction over a corporation where the entity is considered "at home." *Id.* at 1780.

A corporation is at home "where it is incorporated and where its principal place of business is located." *Abelesz v. OTP Bank,* 692 F.3d 638, 654 (7th Cir. 2012). "In practice [the principal place of business] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the

2

actual center of direction, control, and coordination, *i.e.,* the 'nerve center…'" *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Because a limited liability company is an unincorporated entity, the general jurisdiction analysis for an LLC looks for "'continuous and systematic general business contacts' with the forum state." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

A court may exercise specific jurisdiction over a suit that "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). "In other words, there must be an affiliation[n] between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Meyers Squibb*, 137 S. Ct. at 1780 (internal quotation marks omitted).

## II. Discussion

International Van Lines, Inc. seems to have its principal place of business in Florida. (Summons, ECF No. 2.) No information was provided regarding which state International Van Lines is incorporated in. Y & O, LLC, seems also to be headquartered in Florida, (*See* Summons), and Rhoades has offered no information to indicate that Y & O has established continuous and systematic business contacts in Indiana.

Assuming general jurisdiction does not exist, whether the Court has specific jurisdiction over the Defendants depends on whether Y & O and International Van Lines have "purposefully established minimum contacts with the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985). In other words, could the Defendants "reasonably anticipate being haled into court [in Indiana]" because they have "purposefully avail[ed] [themselves] of the privilege of conducting activities" in this state? *Id.* at 474 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980); and then quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). From the contents of Rhoades' complaint, the answer appears to be "no." It does not seem that the companies have had any purposeful contact with the state of Indiana, beyond routine moving procedures done at the behest of a client coincidentally relocating to the state. In any case, Rhoades has not made clear whether and how Y & O's activities while in Indiana during the move caused him harm. Most of Rhoades' claims seem to be unrelated to Y & O's very brief contact with the state of Indiana. The sole fact that Plaintiff now resides in Indiana does not make this the proper state in which to sue the named Defendants.

### III. Conclusion

The Court orders Rhoades to show by **March 19, 2025**, that personal jurisdiction, whether general or specific, exists over the Defendants in this case. If Rhoades fails to do so, this Court cannot grant a default judgment in his favor and may dismiss the claim without prejudice for lack of personal jurisdiction.

**SO ORDERED.**

4

Case 1:23-cv-01958-JRS-TAB   Document 16   Filed 03/05/25   Page 5 of 5 PageID #: 103

Date: 3/5/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Heather M Prokopow
Prosih LLC
prosihllc@gmail.com

5